UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENISE FARINA,<br>    Plaintiff,<br><br>v.<br><br>BRANFORD BOARD OF EDUCATION, et al.,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO.<br>:  3:09-CV-49(JCH)<br>:<br>:  FEBRUARY 19, 2010<br>:<br>: |

**RULING RE: MOTION TO AMEND (Doc. No. 46)**

**I.   INTRODUCTION**

Plaintiff, Denise Farina, filed this action on January 14, 2010.  See Compl. (Doc. 1).  On April 3, 2009, Farina filed an Amended Complaint.  See Am. Compl. (Doc. No. 18).  A scheduling order was entered on March 9, 2009.  See Sched. Order (Doc. No. 14).  Farina filed a Motion to Amend the Complaint, with an attached Second Amended Complaint, on October 21, 2009.  See Second Mot. to Amend (Doc. No. 35).  Defendants opposed this Motion.  See Def.'s Mem. in Opp. of Second Mot. to Amend (Doc. No. 37).

On December 3, 2009, this court held a telephone conference to address Farina's Motion to Amend, and granted it in part.  See Minute Entry for Dec. 3, 2009, Tel. Conf. ("Dec. 3 Minute Entry") (Doc. No. 44).  In that conference, the court granted the Motion to amend but directed Farina to file a new version of her Complaint, as the one appended to her Motion was inadequate.  In this new amended complaint, the court permitted Farina to add a new defendant, Dr. Kathleen Halligan, and to plead claims permitted under Connecticut law against

1

Dr. Halligan.  See Dec. 3 Minute Entry.  Farina was directed to file this new amended Complaint by December 10, 2009.[1]  See Dec. 3 Minute Entry.

Farina did not file anything by December 10.  On January 8, 2010, Farina filed a Motion for Leave to File a Third Amended Complaint.  See Mot. to File Third Am. Compl.  ("Third Mot. to Amend")(Doc. No. 46).  Defendants opposed the Motion.  See Objection (Doc. No. 48).  For the reasons that follow, the Motion to Amend is granted in part and denied in part.

## II.    DISCUSSION

Once a scheduling order has been entered in a case, the lenient "freely given" standard for leave to amend under Federal Rule of Civil Procedure 15(a), must be balanced with the "good cause" standard for amending a scheduling order under Rule 16(b).  See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).  "A finding of good cause depends on the diligence of the moving party."  See id.

In her Motion, the only cause given by Farina for failing to comply with the court's December 3 order is that she had not yet received a release from the Equal Employment Opportunity Commission (EEOC), which arrived on December 29, 2009.  See Third Mot. to Amend at 1.  However, in the proposed Third Amended Complaint, Farina seeks only to add Dr. Kathleen Halligan, an individual, as an additional defendant.  See id.  Halligan has been added to the

---

[1] Farina claims that the court "did not specify a date" by which the new Second Amended Complaint must be filed.  See Pl.'s Reply at 3.  This is incorrect.  During the telephone conference, the court stated that an amended complaint must be docketed within seven days, which was reflected in the minute entry, which stated that the newly amended complaint must be filed by December 10.  See Dec. 3 Minute Entry.

2

claims of retaliation under the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA).  See Third Am. Compl. at ¶ 164-82; 201-15.  However, "the ADA and ADEA, like Title VII, do not provide for actions against individual supervisors."  Darcy v. Lippman, 2009 U.S. App. LEXIS 23248, at *4 (2d Cir. Oct. 22, 2009).  Therefore, Farina cannot bring claims under the ADEA and ADA against Dr. Halligan.  This was discussed during the December 3 telephone conference, which is why Farina was directed to file a new amended complaint which added Dr. Halligan, pleading only "claims permitted under Connecticut law."  See Dec. 3 Minute Entry.

     Farina has not demonstrated good cause as to why she waited a month after the deadline set by this court to file her Third Amended Complaint.  The only cause she has given the court for this delay, the release by the EEOC, was discussed at the December 3 telephone conference and disallowed by this court.  Therefore, this court finds that Farina was not diligent in filing her Motion for Leave to File Third Amended Complaint.

     Additionally, defendants argue that allowing Farina to file a new complaint will be prejudicial to them, especially to Dr. Halligan, as discovery in this case has closed.  See Def.'s Opp. at 3.  The court notes, however, that it granted Farina's Second Motion to Amend on December 3, allowing her to add Dr. Halligan as a party with regard to the Connecticut law claims.  The Second Amended Complaint – which was filed with the court in October and ruled on in the December 3 conference – and Third Amended Complaint differ only in the addition of Halligan as a party to certain claims, as well as a few new paragraphs

3

added in the claims section.  See Third Am. Compl. at ¶ 180, 213, 234o., 234p.  Therefore, as Farina rightly notes, defendants were on notice that Farina was adding Dr. Halligan to her complaint as of December 3, more than a month before the discovery deadline.  See Pl.'s Reply at 2-3.  While defendants apparently relied on the fact that Farina disregarded this court's order to file a new complaint by December 10, they were aware of Farina's stated intentions, as well as this court's ruling on the matter.  Therefore, this court finds that defendants will not be unduly prejudiced if Farina is allowed to amend her complaint.

Therefore this court grants in part Farina's motion to amend her complaint, based upon its granting of Farina's earlier motion on December 3.  Farina may not add Dr. Halligan as a party to the federal law claims, as this court directed in December.  Additionally, the court notes that the Third Amended Complaint includes the Branford Board of Education on Count Nine, the intentional infliction of emotional distress claim.  This court dismissed that claim against the Board in a Ruling on October 23, 2009.  See Ruling re: Motion to Dismiss (Doc. No. 38).  Therefore, Farina is ordered to file a new complaint, compliant with the orders of the court in this Ruling and during the December 3 conference.  That is, Farina may add Dr. Halligan as a party to only the Connecticut law claims, and Farina must remove the Board of Education from Count Nine.  Farina is ordered to docket this new complaint by February 24, 2010.  Failure to comply with this order will result in monetary sanctions.

III.     **CONCLUSION**

Plaintiff's Motion to Amend (Doc. No. 46) is **GRANTED in part and DENIED in part**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of February, 2010.


              /s/ Janet C. Hall
              Janet C. Hall
              United States District Judge